UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAMICA FULLWOOD,

Plaintiff,

v.                                                    Case No. 6:26-cv-67-JA-DCI

MEDICREDIT, INC.,

Defendant.

## ORDER

This action under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692c(a)(1), arises from two weekday communications that Plaintiff received from Defendant, Medicredit, Inc. (Doc. 9). Defendant moves (Doc. 11) to dismiss Plaintiff's Amended Complaint for lack of subject-matter jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(h)(3). Plaintiff has filed a response in opposition. (Doc. 12). Upon due consideration of the parties' submissions, the motion to dismiss (Doc. 11) will be granted in part. However, Plaintiff will be permitted to amend her complaint.

## I.    BACKGROUND

Plaintiff alleges that Defendant sent her two weekday communications

attempting to collect a debt she purportedly owes.[1] Defendant, a Missouri corporation, collects consumer debts "due to another" by mail and telephone. (Doc. 9 ¶ 4). Plaintiff alleges that she missed a call from Defendant on Wednesday, September 24, 2025. (*Id.* ¶ 8). A month later, on Wednesday, December 24, 2025, Plaintiff allegedly returned Defendant's call and informed it "that weekday communications were inconvenient and that she was only available on weekends" to discuss the debt. (*Id.* ¶¶ 9–10). Plaintiff alleges that nonetheless, Defendant "knowingly contacted" her on Friday, January 2, 2026, and Wednesday, January 7, 2026, "communicating and attempting to collect" the debt. (*Id.* ¶ 10).

Plaintiff filed her initial Complaint on January 13, 2026. (Doc. 1). Defendant moved to dismiss her initial Complaint (Doc. 7), but that motion was denied as moot (Doc. 10) because Plaintiff filed her Amended Complaint (Doc. 9). Now, Defendant moves to dismiss Plaintiff's Amended Complaint.

## II.   LEGAL STANDARDS

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

---

[1] The alleged debt is "a consumer debt arising from medical services provided by UCF Lake Nona Hospital." (Doc. 9 ¶¶ 4, 9).

elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). In considering a motion to dismiss brought under Rule 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

To survive a Rule 12(b)(1) motion to dismiss, a plaintiff must sufficiently allege that the court has subject-matter jurisdiction over her complaint. Under Rule 12(b)(1), there are two types of attacks on subject-matter jurisdiction—facial and factual. *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003). Here, Defendant facially attacks the Amended Complaint, asserting "lack of subject-matter jurisdiction solely on the basis of the pleadings." *Id.* With a facial attack, the court accepts "the allegations as true in deciding whether to grant the motion." *Id.*

"[A] dismissal for lack of standing is equivalent to a dismissal for lack of subject matter jurisdiction." *Davis v. Pro. Parking Mgmt. Corp.*, No. 22-14026, 2023 WL 4542690, at *3 (11th Cir. July 14, 2023) (citing *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir.

3

2008) (per curiam)).  The party invoking federal jurisdiction—here, Plaintiff—has "the burden of demonstrating that" she has standing.  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431–32 (2021).  Standing has three elements: (1) an injury-in-fact suffered by the plaintiff, (2) that is fairly traceable to the defendant's challenged conduct, and "(3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).  An injury-in-fact—the concern here—is "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"  *Id.* at 339 (quoting *Lujan*, 504 U.S. at 560).

## III.  DISCUSSION

Defendant argues that the Amended Complaint is due to be dismissed for lack of subject-matter jurisdiction because Plaintiff fails to allege that she has suffered an injury-in-fact that is concrete and therefore has Article III standing.  Defendant argues that if the Court does not dismiss for a lack of subject-matter jurisdiction, the Amended Complaint is due to be dismissed for failure to state a claim upon which relief can be granted.

### A.    Plaintiff has sufficiently alleged Article III standing

At this stage, the Amended Complaint sufficiently alleges that Plaintiff suffered an injury-in-fact and therefore has standing.  The Amended Complaint alleges a statutory violation and a concrete harm.  Plaintiff suffered a "concrete"

injury because it "actually exist[s]." *Spokeo*, 578 U.S. at 340. Despite informing Defendant that she is only available to discuss the debt on weekends, Plaintiff received weekday communications from Defendant, allegedly disrupting her workday and daily activities, causing her emotional distress, and causing her to lose time and mental focus. (Am. Compl. ¶¶ 13–14); *see Toste v. Beach Club at Fontainebleau Park Condo. Ass'n, Inc.*, No. 21-14348, 2022 WL 4091738, at *4 (11th Cir. Sept. 7, 2022) (per curiam) (noting that "a plaintiff's wasted time . . . can be a concrete injury for standing purposes"); *see also Crowder v. Andreu, Palma, Lavin & Solis, PLLC*, No. 2:19-cv-820, 2021 WL 1338767, at *3 (M.D. Fla. Apr. 9, 2021) (assuming that allegation that letter caused stress, confusion, and emotional distress was sufficient to plausibly allege standing at pleading stage); *see also Rivera v. Dove Inv. Corp.*, No. 19-20934-CIV, 2020 WL 6266054, at *3 (S.D. Fla. Oct. 23, 2020) (finding allegation of emotional distress "sufficiently concrete to establish Article III standing under the FDCPA" (citing *Mraz v. I.C. Sys., Inc.*, No. 2:18-cv-254, 2020 WL 5876947, at *2 (M.D. Fla. Oct. 2, 2020))); *see also Kottler v. Gulf Coast Collection Bureau, Inc.*, 847 F. App'x 542, 543 (11th Cir. 2021) (per curiam) (affirming grant of summary judgment for plaintiff, finding she suffered a concrete injury and had standing where she "expended time addressing unwarranted collection calls . . . [and the] calls upset her." (citing *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 996 (11th Cir. 2020))).

Thus, at this stage of the case, Plaintiff has sufficiently alleged that she has Article III standing and therefore the Court has subject-matter jurisdiction over the Amended Complaint.

### B.    The Amended Complaint fails to state a claim upon which relief can be granted

While the Amended Complaint alleges that Plaintiff has standing, it fails to state a claim upon which relief can be granted.  Plaintiff's sole claim is brought under § 1692c(a)(1) of the FDCPA, which provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.  In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

15 U.S.C. § 1692c(a)(1).  To state a claim for a violation of the FDCPA, a plaintiff must allege that: "(1) [she] has been 'the object of collection activity arising from consumer debt'; (2) 'the defendant is a debt collector as defined by the FDCPA'; and (3) 'the defendant has engaged in an act or omission prohibited by the FDCPA.'"  *Vazquez v. Pro. Bureau of Collections of Md., Inc.*, 217 F. Supp. 3d 1348, 1351 (M.D. Fla. 2016) (quoting *Kennedy v. Nat'l Asset & Risk Mgmt., LLC*, No. 3:13-cv-101, 2013 WL 5487022, at *2 (M.D. Fla. Sept. 30, 2013)).  Here, for the third element, Plaintiff must allege that Defendant communicated with her

6

at a time or place which it should have known was inconvenient to her. *See* 15 U.S.C. § 1692c(a)(1). The FDCPA defines "communication" broadly—"the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

Plaintiff alleges that she received "weekday communications" that Defendant knew were inconvenient. She does not specify the type of communication that she received. Defendant is correct that Plaintiff's allegation that she received a "communication" is a legal conclusion. Courts require factual allegations that allow them to determine whether there has been a "communication" under the FDCPA for purposes of surviving a motion to dismiss. *See, e.g., Kirk v. Credit Mgmt. L.P.*, No. 2:23-cv-482, 2024 WL 3240564, at *2 (M.D. Ala. June 28, 2024). It therefore follows that the allegation that there was a "communication," without more, is insufficient to state a claim for violation of the FDCPA.

Accordingly, the Amended Complaint fails to state a claim upon which relief can be granted.

## IV. CONCLUSION

Accordingly, Defendant's motion to dismiss (Doc. 11) is **GRANTED in part and denied in part**. The motion is **granted** to the extent that the Amended Complaint fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). The motion is otherwise denied.

The Amended Complaint is **dismissed** without prejudice.  Plaintiff may file a second amended complaint on or before **May 6, 2026**.

 **DONE** and **ORDERED** in Orlando, Florida, on April 15, 2026.

JOHN ANTOON II<br>
United States District Judge

Copies furnished to:<br>
Counsel of Record