UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAMICA FULLWOOD,

        Plaintiff,

v.                                                                Case No. 6:26-cv-67-JA-DCI

MEDICREDIT, INC.,

        Defendant.

_____

## ORDER

Plaintiff, Damica Fullwood, brings this action against Defendant, Medicredit, Inc., under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA). (Second Am. Compl., Doc. 14). Medicredit filed a motion to dismiss (Doc. 15), arguing that Ms. Fullwood lacks standing under Article III to bring her claims and that her complaint fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Ms. Fullwood has responded in opposition. (Doc. 16). After careful review, the Court concludes that Medicredit's arguments are without merit. Thus, Medicredit's motion must be denied.

## I. BACKGROUND

Ms. Fullwood has medical debt stemming from care that she received at UCF Lake Nona Hospital. (Doc. 14 ¶ 4). Medicredit—a consumer debt

collector—attempted to contact Ms. Fullwood about her debt on September 24, 2025, via telephone, but Ms. Fullwood missed Medicredit's call. (*Id.* ¶¶ 6, 8). Ms. Fullwood returned Medicredit's call on December 24, 2025, during which Ms. Fullwood informed Medicredit that she is only available to discuss the debt on weekends. (*Id.* ¶¶ 9–10).

Despite Ms. Fullwood's instruction for Medicredit to contact her only on weekends, Medicredit left Ms. Fullwood voicemail messages on Friday, January 2, 2026, and Wednesday, January 7, 2026, stating that "we are calling from Medicredit on behalf of UCF Lake Nona Hospital. This is a communication from a debt collector. This is an attempt to collect a debt. . . . Please return our call." (*Id.* ¶¶ 10–11). These voicemail messages caused Ms. Fullwood stress and anxiety, wasted her time, and decreased her workday productivity. (*Id.* ¶ 14).

Ms. Fullwood initially filed this action on January 13, 2026, (Doc. 1), alleging one count for violation of the FDCPA. She filed her first amended complaint (Doc. 9) on February 19, 2026. In its April 15, 2026 Order (Doc. 13), the Court dismissed the first amended complaint without prejudice for failure to state a claim for violation of the FDCPA but rejected Medicredit's argument that Ms. Fullwood lacks standing.

Ms. Fullwood filed her second amended complaint on April 15, 2026, again alleging one count for violation of the FDCPA. (Doc. 14). Medicredit now moves

2

to dismiss (Doc. 15), arguing again that Ms. Fullwood lacks standing and that she fails to state a claim upon which relief can be granted.

## II.    LEGAL STANDARDS

Motions to dismiss for lack of standing "attack the court's subject matter jurisdiction[] and are therefore considered pursuant to Rule 12(b)(1)." *Honeywell v. Harihar Inc*, No. 218-cv-618-FtM, 2018 WL 6304839, at *2 (M.D. Fla. Dec. 3, 2018) (citing *Finstad v. Fla., Dep't of Bus. & Prof'l Regul.*, No. 2:06-cv-664-FtM, 2007 WL 3451000, *1 (M.D. Fla. Nov. 14, 2007); *Doe v. Pryor*, 344 F.3d 1282, 1284 (11th Cir. 2003)). A defendant's attack on subject-matter jurisdiction can be facial or factual. *See Garcia v. Copenhaver, Bell & Assocs., M.D.'s PA*, 104 F.3d 1256, 1260 (11th Cir. 1997). When, as here, there is a facial attack, the court must take the allegations in the complaint as true in deciding the motion. *See Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003)).

To have standing under Article III, "the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). "In plainer language, the plaintiff needs to show that the defendant harmed h[er], and that a court decision can either eliminate the harm or compensate for it." *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 924 (11th Cir. 2020).

3

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must consider whether the pleading contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). In considering a Rule 12(b)(6) motion, a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

## III.  DISCUSSION

### A.  Standing

The Court previously determined that Ms. Fullwood's first amended complaint adequately alleged that she has standing to bring this case. (*See* Doc. 13 at 4–6). In its motion to dismiss the second amended complaint, Medicredit moves again to dismiss for lack of standing, (Doc. 15 at 6–12), but Medicredit has not persuaded the Court to depart from its previous decision.

4

The dispute over standing in this case pertains to the injury-in-fact requirement. To satisfy the injury-in-fact requirement at the pleading stage, "a plaintiff must [allege] that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan*, 504 U.S. at 560). "A concrete injury need be only an 'identifiable trifle.'" *Salcedo v. Hanna*, 936 F.3d 1162, 1167 (11th Cir. 2019) (quoting *United States v. Students Challenging Regul. Agency Procs.*, 412 U.S. 669, 689 n.14 (1973)), *abrogated on other grounds by Drazen v. Pinto*, 74 F.4th 1336 (11th Cir. 2023). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice." *Lujan*, 504 U.S. at 561.

Although detailed factual allegations are not required, a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo*, 578 U.S. at 341. "Article III standing requires a concrete injury even in the context of a statutory violation . . . that is, [the injury] must actually exist." *Id.* at 340. "Central to assessing concreteness is whether the asserted harm has a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts—such as physical harm, monetary harm, or various intangible harms." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 417 (2021). To assess whether a concrete harm flows

from an alleged statutory violation, courts assess 'if the [statutory] violation itself caused harm, whether tangible or intangible, to the plaintiff. If so, that's enough. If not, [courts] ask whether the violation posed a material risk of harm to the plaintiff. If the answer to both questions is no, the plaintiff has failed to meet his burden.'" *Muransky*, 979 F.3d at 928.

Here, Ms. Fullwood alleges harms flowing from Medicredit's alleged violation of the FDCPA. Ms. Fullwood pleads that the process of "retriev[ing] and listen[ing]" to Medicredit's voicemail messages disrupted her workday, caused her emotional distress, and wasted her time. (*Id.* ¶¶ 14–15). These are concrete harms. *See, e.g., Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 943 (11th Cir. 2021) (explaining that "there is no question that wasted time is a concrete harm" (citing *Salcedo*, 936 F.3d at 1172–73)). Although Medicredit complains that the second amended complaint does not provide more factual detail regarding the circumstances of Ms. Fullwood's review of the voicemail messages, such allegations are not required at this stage of the case. Ms. Fullwood adequately alleges that she suffered a concrete injury. *See, e.g., Drazen*, 74 F.4th at 1345 (holding that "the harm associated with an unwanted text message shares a close relationship with the harm underlying the tort of intrusion upon seclusion" and thus constitutes a concrete injury).

6

## B.    Failure to State a Claim

In its earlier order dismissing the first amended complaint (Doc. 13), the Court reasoned that Ms. Fullwood's allegation that she received "weekday communications" from Medicredit, without more, was insufficient to state a claim under the FDCPA. (Doc. 13 at 6–7 (citing First Am. Compl., Doc. 9, ¶ 10)). Medicredit now moves to dismiss the second amended complaint for failure to state a claim under the FDCPA.

To state a claim under the FDCPA, a plaintiff must allege that: "(1) [she] has been 'the object of collection activity arising from consumer debt'; (2) 'the defendant is a debt collector as defined by the FDCPA'; and (3) 'the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Vazquez v. Pro. Bureau of Collections of Md., Inc.*, 217 F. Supp. 3d 1348, 1351 (M.D. Fla. 2016) (quoting *Kennedy v. Nat'l Asset & Risk Mgmt., LLC*, No. 3:13-cv-101, 2013 WL 5487022, at *2 (M.D. Fla. Sept. 30, 2013)). The plaintiff can satisfy the third element by alleging that the defendant communicated with her at a time or place that it should have known was inconvenient. *See* 15 U.S.C. § 1692c(a)(1).

The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). The Eleventh Circuit has stated that voicemail messages about debt collection "fall[] squarely within the FDCPA's definition of a communication." *Hart v. Credit Control, LLC*, 871 F.3d 1255, 1257 (11th Cir.

7

2017); *see also Edwards v. Niagara Credit Sols., Inc.*, 584 F.3d 1350, 1353–54 n.3 (11th Cir. 2009) (noting that pre-recorded telephone messages are "communications" under the FDCPA); *Berg v. Merchs. Ass'n Collection Div., Inc.*, 586 F. Supp. 2d 1336, 1340–41 (S.D. Fla. 2008) (same).

In its earlier order dismissing the first amended complaint (Doc. 13), the Court determined that, because "communication" under the FDCPA is a legal term of art, Ms. Fullwood was required to plead factual allegations sufficient for the Court to determine whether a "communication" occurred within the meaning of the FDCPA. Because Ms. Fullwood had failed to specify the nature of the alleged communication that she received from Medicredit, the Court dismissed the first amended complaint without prejudice.

The second amended complaint, by contrast, does contain a description of the communications that Ms. Fullwood allegedly received from Medicredit. Ms. Fullwood now alleges that she received two voicemail messages stating that "we are calling from Medicredit on behalf of UCF Lake Nona Hospital. This is a communication from a debt collector. This is an attempt to collect a debt. . . . Please return our call." (Doc. 14 ¶¶ 10–11). In light of these allegations, the second amended complaint adequately states a claim under the FDCPA. *See Hart*, 871 F.3d at 1257.

8

## IV.   CONCLUSION

For the reasons provided herein, it is **ORDERED** and **ADJUDGED** that Defendant, Medicredit Inc.'s motion to dismiss (Doc. 15) is **DENIED**. Medicredit shall file an answer to the second amended complaint on or before **July 7, 2026**.

**DONE** and **ORDERED** in Orlando, Florida, on June 23, 2026.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

9